UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JIMMY JOHN'S FRANCHISE, INC.
and JIMMY JOHN'S ENTERPRISES, INC.,

    Plaintiffs,

v.

THE SMART SHOPPER CLUB
and LARRY DROZ,

    Defendants.

_____/

CASE NO. 04-CV-10076-BC

DISTRICT JUDGE DAVID M. LAWSON
MAGISTRATE JUDGE CHARLES BINDER

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT
(Dkt. 17)

**I.    RECOMMENDATION**

**IT IS RECOMMENDED** that Plaintiffs' Motion for Default Judgment be **DENIED**, and that the case proceed to discovery and trial on the merits.

**II.    REPORT**

    **A.    Introduction and Procedural History**

By order of U.S. District Judge David M. Lawson, this case was referred to the undersigned Magistrate Judge for general case management on January 31, 2005. (Dkt. 13.) Pending is the above-entitled motion filed by Plaintiff Jimmy John's Franchise, Inc. and Plaintiff Jimmy John's Enterprises, Inc. (hereafter "Plaintiff"). (Dkt. 17.) Defendants The Smart Shopper Club and Larry Droz (hereafter "Defendant") filed a response to the motion, and Plaintiff has filed a reply. (Dkts.

25 & 26.) Upon review, I conclude that pursuant to E.D. Mich. LR 7.1(e)(2), this motion is ready for Report and Recommendation without oral argument.

Plaintiff filed its complaint on March 24, 2004, alleging that Defendant Smart Shopper Club and its owner, Defendant Larry Droz, violated provisions of the Lanham Act through their alleged use of Plaintiff's registered trademarks to create counterfeit coupons for use at Plaintiff's restaurants in Michigan. (Dkt. 1.) In early June 2004, Defendant Droz sought to file an answer on behalf of himself and The Smart Shopper Club. Judge Lawson struck the answer (Dkt. 7), and two months later, Plaintiff filed its first motion for default judgment. (Dkt. 8.) This motion was denied because Plaintiff had failed to comply with the requirements for default judgment as set forth in Rule 55(a) of the Federal Rules of Civil Procedure. Shortly thereafter, Plaintiff requested and obtained a Clerk's entry of default. (Dkts. 10 & 11.) Eight days later Defendant Droz filed an answer on behalf of all defendants. (Dkt. 12.)

On March 18, 2005, I ordered all parties to show cause why the case should not be dismissed for want of prosecution. (Dkt. 15.) Plaintiff filed a response (Dkt. 16), as well as its second motion for default judgment. In this motion, Plaintiff reiterates the assertions made in the complaint that Defendant's use of its trademark in the preparation of discount coupon books violated the Lanham Act. Plaintiff contends that since all the offending coupons have now expired, damages in an amount certain can be computed, and Plaintiff seeks the award of these damages by way of default judgment.

### B.   Discussion

Although Plaintiff seeks the award of judgment by default, counsel for Plaintiff does not cite any rules which govern that procedure in federal court. In fact, except for citations to the Lanham Act, no law whatsoever is cited in support of Plaintiff's claim for default judgment. As correctly

pointed out by Judge Lawson in his order denying Plaintiff's first motion for default judgment, the relief requested by Plaintiff is governed by Rule 55. Rule 55(b) sets forth two circumstances under which judgment by default may be entered:

> (b) Judgment. Judgment by default may be entered as follows:
>
> (1) By the Clerk. When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and is not an infant or incompetent person.
>
> (2) By the Court. In all other cases the party entitled to a judgment by default shall apply tot he court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

FED. R. CIV. P. 55(b).

In this motion, Plaintiff unquestionably seeks the award of default judgment by the Court. A federal court's authority to grant judgment by default is informed by the prerequisites for awarding such a judgment as set forth in the opening provisions of Rule 55:

> (a) Entry. When a party against whom a judgment for affirmative relief is sought <u>has failed to plead or otherwise defend</u> as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

FED. R. CIV. P. 55(a) (emphasis added).

3

On this standard, I suggest that Plaintiff is not entitled to default judgment. Although a Clerk's entry was initially filed (Dkt. 10), shortly thereafter, Defendant filed a document which I suggest can only be construed as an answer to Plaintiff's complaint. Moreover, Defendant has filed a paper clearly responsive to the instant motion. Although Defendant Droz is appearing on his own behalf and that of the company which he owns, and has phrased his responses in a colloquial fashion, I am nonetheless compelled to suggest that Defendant has in fact made an "appearance" within the meaning of the Federal Rules of Civil Procedure. 10A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE §§ 2681 & 2686 (3d ed. 1998). Therefore, since Plaintiff fails to meet the prerequisites set forth in Rule 55(a), I suggest that a default judgment is unavailable.

I further suggest that what Plaintiff in fact seeks in the instant motion is not a judgment by default but rather a judgment on the merits, an outcome that I suggest is both premature and inappropriate at this stage of the litigation. In their treatise on the Federal Rules of Civil Procedure, Wright & Miller make clear that the rules disfavor the entry of judgment by default. *Id*. §§ 2681 & 2686. As these commentators point out, contemporary judicial philosophy encourages trial of disputes on the merits, and doubtful situations are usually resolved in favor of the allegedly defaulting party. *Id*. Accordingly, while Plaintiff may have a strong case, that fact alone does not entitle Plaintiff to the judgment sought on the merits, especially in a situation where the request for that judgment entirely ignores the procedures set forth in the Federal Rules of Civil Procedure for the obtaining of a default judgment. I therefore suggest that the instant motion be denied and that this case proceed to discovery and trial on the merits.

**III.    REVIEW**

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                              s/ *Charles E. Binder*
                                              CHARLES E. BINDER
Dated: June 9, 2005                             United States Magistrate Judge


**CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Jovan N. Jovanovic, and served in the traditional manner on Larry Droz, Dean J. Papadakis and Honorable David M. Lawson.


Dated:  June 9, 2005                         By     s/Mary E. Dobbick
                                                       Secretary to Magistrate Judge Binder